UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

_____

TAMARA FIELDS, et al.,

        Plaintiffs,                  Civil Action No. 18-1437 (RJL)

      v.

SYRIAN ARAB REPUBLIC,

        Defendant.

_____

PROTECTIVE AGREEMENT AND ORDER

WHEREAS, on or about July 11, 2022, Plaintiffs Tamara Fields *et al.* ("Plaintiffs") served a *subpoena duces tecum* (the "Subpoena") on non-party The Bank of New York Mellon ("BNY Mellon") in *Tamara Fields et al. v. Syrian Arab Republic*, Civil Action No. 18-1437 (RJL) (D.D.C.) (the "Action");

WHEREAS, the Subpoena calls for the production of various documents held by BNY Mellon; and

WHEREAS, the Subpoena designates New York, New York, as the place for compliance with the Subpoena;

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiffs and BNY Mellon, by and through their respective undersigned counsel, as follows:

1. This Protective Agreement and Order (the "Agreement") applies to "Confidential Information," as defined below, produced or otherwise disclosed by BNY Mellon to Plaintiffs pursuant to any subpoenas issued in connection with the above-referenced case.

2. The term "Confidential Information" as used in this Agreement means any record, spreadsheet, or other document produced by BNY Mellon in response to the Subpoena that BNY

1

Mellon after reviewing such record, spreadsheet, or other document reasonably and in good faith believes constitutes or reveals: (i) confidential trade secrets, proprietary business information, non-public personal, client, or customer information concerning individuals or other entities or items; or (ii) information protected from disclosure by any relevant federal, state or foreign data-protection laws.  For the avoidance of doubt, "Confidential Information" as used in this Agreement shall not include information derived exclusively from any public source, regardless of whether such information is duplicative of the information contained in the documents produced by BNY Mellon.  BNY Mellon may designate any such record, spreadsheet, or other document for protection under the terms of this Agreement by affixing the term "CONFIDENTIAL" to each page that contains confidential material.

3. If Plaintiffs contend that materials designated by BNY Mellon should not be deemed Confidential Information under this Agreement, they shall so notify BNY Mellon within 14 days from the receipt of such designation.  Upon receipt of such notification, Plaintiffs and BNY Mellon shall meet and confer within seven days to attempt to resolve the dispute by agreement.  If Plaintiffs and BNY Mellon are unable to resolve the dispute by agreement, they shall proceed under Rule 45 of the Federal Rules of Civil Procedure.

4. Plaintiffs shall not use or disclose the Confidential Information for any purpose other than in the Action, and specifically to enforce Plaintiffs' judgment entered against Syria entered in the Action or in garnishment, execution, or similar proceedings that Plaintiffs may commence in the future (collectively, the "Judgment Enforcement Proceedings").

5. Confidential Information may be used in connection with any application, motion, hearing, trial or other proceeding in the Action and the Judgment Enforcement Proceedings.  If Plaintiffs seek to disclose Confidential Information in connection with the

Judgment Enforcement Proceedings, Plaintiffs shall request that the court before which the Judgment Enforcement Proceeding is pending permit such Confidential Information to be filed under seal unless BNY Mellon expressly waives that requirement in writing.

6. Once Confidential Information is produced, it may be disclosed, summarized, or otherwise communicated in whole or in part only to the following persons who may make use of such information only in connection with the Action and Judgment Enforcement Proceedings:

    a. Counsel who represent parties in the Action and Judgment Enforcement Proceedings, and employees and agents of such counsel assisting in the preparation or conduct thereof for use in accordance with this Agreement, but only after such counsel have agreed to be bound by this Agreement;

    b. Experts or consultants assisting counsel for those parties in the Action and Judgment Enforcement Proceedings, but only after such experts or consultants have signed the agreement, annexed as Exhibit A, to be bound by this Agreement, as set forth in Section 6 below;

    c. Potential or anticipated witnesses, and their counsel, in the Action and Judgment Enforcement Proceedings but only after such experts or consultants have signed the agreement, annexed as Exhibit A, to be bound by this Agreement, as set forth in Section 6 below;

    d. The Court in the Action and Judgment Enforcement Proceedings;

    e. Court reporters employed in connection with the Action and Judgment Enforcement Proceedings; and

    f. Any person who may be examined as a witness in the Action and Judgment Enforcement Proceedings.

7. Before counsel may show or disclose Confidential Information pursuant to Section 6 to any witness, expert or consultant, except at trial, that witness, expert or consultant shall be provided a copy of this Agreement and must sign the agreement, annexed as Exhibit A, to be bound by this Agreement. Any disclosure of Confidential Information to witnesses, experts or consultants pursuant to Section 6 must be useful or necessary, in the opinion of counsel, for the preparation for or conduct of the Action or the Judgment Enforcement Proceedings.

8. The inadvertent disclosure by BNY Mellon of any document or information subject to a claim of attorney-client privilege, attorney work-product, or similar ground on which disclosure of such information should not have been made, shall not be construed as a waiver of such claim, and BNY Mellon shall have the right to have the document or information returned to it. Nor shall this Agreement be construed as requiring BNY Mellon, or any branches or subsidiaries thereof, to commit any act that would violate any domestic, federal, state or local law, or any law of a foreign jurisdiction. The inadvertent disclosure in violation of any such law shall not be considered a waiver of BNY Mellon's right to assert the privilege or other ground on which the document(s) or information in question should not have been disclosed, or of its right to a return of the document(s) or information.

9. The obligations under this Agreement shall survive the termination of the Action and the Judgment Enforcement Proceedings and shall continue to bind Plaintiffs and BNY Mellon and the parties to whom Confidential Information is disclosed and who become bound by this Protective Agreement and Order.

10. This Agreement may be signed by counsel in counterparts, with the same force and effect as if all signatures appeared on one document, and email copies of signatures shall have the same force and effect as original signatures.

11. This Agreement shall be governed by, and construed and interpreted in accordance with, the substantive laws of the State of New York without giving effect to its conflict-of-law principles. Any action or proceeding related in any way to this Agreement shall be brought in the United States District Court for the Southern District of New York. The parties hereby irrevocably and unconditionally waive trial by jury in any such action or proceeding or the right to contest personal jurisdiction or venue in the Southern District of New York.

12. BNY Mellon's entry into this Agreement shall not be deemed a waiver of any of BNY Mellon's objections or defenses to any subpoena served by Plaintiffs.

| BURSOR & FISHER, P.A. | KATSKY KORINS LLP |
|---|---|
| By: /s/ Joshua D. Arisohn<br>     Joshua D. Arisohn<br>888 Seventh Avenue<br>New York, New York 10019<br>(646) 837-7150<br>jarisohn@bursor.com<br>*Attorneys for Plaintiffs* | By: /s/ Steven B. Feigenbaum<br>     Steven B. Feigenbaum<br>605 Third Avenue<br>New York, New York 10158<br>(212) 953-3000<br>sfeigenbaum@katskykorins.com<br>*Attorneys for The Bank of New York Mellon* |

SO ORDERED:            August __, 2022

_____
United States District Judge

EXHIBIT A

AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

      I have been informed that on August \_\_\_\_\_, 2022, the United States District Court for the District of Columbia entered a protective order in the litigation captioned *Tamara Fields et al. v. Syrian Arab Republic*, Civil Action No. 18-1437 (RJL) (D.D.C.).  I have read the protective order, I agree to abide by the obligations of the protective order as they apply to me, I will hold in confidence and not disclose to anyone not qualified under the protective order any Confidential Information or any words, summaries, abstracts or indices of the Confidential Information disclosed to me, and I voluntarily submit to the jurisdiction of the United States District Court for the Southern District of New York for purposes of any proceeding related to the protective order, including my receipt or review of information that has been designated as "Confidential Information."  The undersigned acknowledges that his or her duties under the protective order shall survive the termination of this case and are permanently binding, and that the failure to comply with the terms of the protective order may result in a court's imposition of sanctions.

Date: _____

Printed name: _____

Signature: _____